UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marie Ellen Shrout, | ) | CASE NO. 1:22 CV 1668 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Carmen E. Henderson (Doc. 15) recommending that the decision of the Commissioner be affirmed. Plaintiff filed an objection. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**ANLAYSIS**

Only those facts necessary for a resolution of plaintiff's objection are set forth herein.

Plaintiff filed an application for supplemental disability insurance ("SSI") and disability insurance benefits ("DIB"), alleging a disability onset date of January 1, 2015. After various appeals and orders of remand from this Court and the Appeals Council, defendant consolidated

1

the applications. On June 22, 2022, a third Administrative Law Judge ("ALJ") involved in the case issued a decision finding plaintiff "not disabled." Plaintiff did not appeal to the Appeals Council, and the ALJ's decision ultimately became final. Thereafter, plaintiff filed this lawsuit alleging three assignments of error. The R&R recommends rejecting all assignments of error. Plaintiff objects to only one assignment, claiming that the ALJ failed at Step Three to find that plaintiff meets or equals Listing 8.05. According to plaintiff, the ALJ applied an incorrect definition in his assessment.[1]

> At Step Three, the clamant has the burden to prove that he has an impairment or combination of impairments that meet or medically equal a listed impairment. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1520(a)(4)(iii). The claimant is conclusively presumed disabled if he meets or medically equals a listed impairment; otherwise, the evaluation proceeds to the fourth step. 20 C.F.R. § 1520(d) (e); *Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). To "meet" a listing, 'the claimant must show that his impairment [satisfies] all of the requirements for a listed impairment.' *Ridge v. Barnhart*, 232 F. Supp. 2d 775, 787-88 (N.D. Ohio Sept. 10, 2002); 20 C.F.R. § 1525(c)(3). To "medically equal" a listing, the claimant's impairment must be 'at least equal in severity and duration to the criteria of any listed impairment.' 20 C.F.R. § 404.1526(a).

*Galley v. Commissioner of Social Security*, 2021 WL 1391779 at * 7 (N.D. Ohio March 29, 2021).

Listing 8.05 is directed at dermatological conditions. This listing requires "extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed." "Extensive skin lesions," in turn, "are those that involve multiple body sites or critical body areas, and result in a very serious limitation." As examples of conditions that amount to "very serious limitations" are lesions that "very seriously limit" the "use of more than one extremity,"

---

[1] The Court reviewed the other two assignments for clear error and found none.

"ability to do fine and gross motor movements," or "ability to ambulate." Appendix 1, § 8.00(C)(1).

With respect to whether plaintiff's psoriasis meets or equals the listing, the ALJ determined as follows:

> The claimant's psoriasis has not met or medically equaled the severity called for by Listing 8.05 because it has not caused "extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." This includes 2017, the year the claimant was hospitalized secondary to psoriasis. On this point, the undersigned does not find that the psoriatic plaques the claimant had between January 2017 and June 2017 represent "extensive lesions." Moreover, the claimant engaged in disqualifying substantial gainful activity between January 2017 and April 2017 (see Finding 3 above).

(Doc. PageID 2724)

Plaintiff correctly notes that the ALJ applied the wrong standard in assessing the listing. There is no requirement that plaintiff suffer from "extensive fungating or extensive ulcerating" lesions. It appears that the ALJ mistakenly applied the wrong listing. Upon review, however, the Court finds that any error in this regard is harmless. In addressing the listing, the ALJ noted that the most extensive flare-up of plaintiff's psoriasis occurred between January 2017 and June 2017. During this time period, plaintiff was hospitalized due to "secondary psoriasis." As noted by the ALJ in the opinion, however, plaintiff engaged in substantial gainful employment during this same time period. Thus, while the ALJ may have misapplied the standard for the *type* of lesion at issue, the ALJ ultimately determined that the lesions did not cause "very serious limitations," as plaintiff was capable of disqualifying work. The ALJ noted that there is no evidence that "the wages the claimant received were the result of anything other than work involving significant physical and mental activities, or evidence these wages were not otherwise

fully 'earned.'" (*Id*. at 2718). Moreover, although noting that the lesions "limited her ability to stand and walk and...limited the use of her hands," plaintiff does not cite any evidence in the objection in support of this contention. Thus, while the ALJ may have misstated the Listing, any error is harmless.

### CONCLUSION

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/15/23